**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIU ER ZHOU, | No. 07-72996 |
| Petitioner, | Agency No. A072-095-599 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Xiu Er Zhou, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *Lin v.*

*Holder*, 588 F.3d 981, 984 (9th Cir. 2009). We deny the petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Zhou's motion to reopen as untimely because Zhou filed the motion more than twelve years after the BIA's final decision, *see* 8 C.F.R.§ 1003.2(c)(2), and her evidence did not show that the family planning laws or enforcement of those laws in China has materially changed since her removal hearing, *see Lin*, 588 F.3d at 988. Further, "the birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the country of origin within the regulatory exception to late-filed" motions to reopen. *Id.* at 986 (quoting *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007)). Accordingly, the BIA's determination that Zhou failed to show a material change in country conditions in China, particularly in the Fujian province, was not "arbitrary, irrational, or contrary to law." *Id.* at 988 (quoting *He*, 501 F.3d at 1131).

Zhou's contention that she should have been permitted to file a successive asylum application is foreclosed. *See Lin*, 588 F.3d at 989 (rejecting petitioner's argument that, independent from her motion to reopen, she was entitled to file a free-standing successive asylum application).

**PETITION FOR REVIEW DENIED.**